IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| SHELLA TAYLOR-YANCY, | ) | Civil No. 24-00166 HG-KJM |
| | ) | |
| Plaintiff, | ) | FINDINGS AND |
| | ) | RECOMMENDATION TO: |
| vs. | ) | (1) DISMISS THE COMPLAINT |
| | ) | WITH LEAVE TO AMEND; AND |
| SAM'S CLUB INCORPORATION, | ) | (2) DENY PLAINTIFF'S |
| et al., | ) | APPLICATION TO PROCEED IN |
| | ) | DISTRICT COURT WITHOUT |
| Defendants. | ) | PREPAYING FEES OR COSTS |
| _____ | ) | |

FINDINGS AND RECOMMENDATION TO:
(1) DISMISS THE COMPLAINT WITH LEAVE TO AMEND;
AND (2) DENY PLAINTIFF'S APPLICATION TO PROCEED
IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS

On April 11, 2024, Plaintiff Shella Taylor-Yancy ("Plaintiff") filed a Complaint for a Civil Case ("Complaint"). ECF No. 1. That same day, Plaintiff also filed an Application to Proceed in District Court Without Prepaying of Fees or Costs ("IFP Application").[1] ECF No. 2.

---

[1] The Court notes that Plaintiff wrote different variations of her name in the Complaint and the IFP Application. For example, the caption of the Complaint states: "Taylor-Deskin Family on Behalf of Shella Taylor-Yancy," and where Plaintiff was supposed to write the name of the plaintiff(s), she wrote: "Demitrius Deskin & Shella Yancy." ECF No. 1 at 1, 2. In addition, Plaintiff signed the Complaint, "Shella J. Taylor AKA Yancy." *Id.* at 6. In the IFP Application, Plaintiff signed her name as, "Shella Taylor." ECF No. 2 at 2. The Court also notes that based on the different variations of names Plaintiff used to fill out the Complaint and IFP Application, it is unclear whether Plaintiff is the only plaintiff. Given that the Court recommends that the district court dismiss the Complaint with leave to amend, for convenience and clarity purposes, the Court refers only to Plaintiff throughout this Order.

The Court decides this matter without a hearing pursuant to Rule 7.1(d) of the Local Rules of Practice for the United States District Court for the District of Hawaii. After carefully considering the Motion, applicable law, and the record in this case, the Court FINDS AND RECOMMENDS that the district court DISMISS the Complaint and DENY the IFP Application for the reasons set forth below.

## DISCUSSION

I.   Plaintiff's Complaint

    A.   Screening Pursuant to 28 U.S.C. § 1915(e)(2)

The Court must subject each civil action commenced pursuant to § 1915(a) to a mandatory screening and order the dismissal of any claims it finds frivolous, malicious, failing to state a claim upon which relief can be granted, or seeking monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (stating that § 1915(e) "not only permits but requires" the court to dismiss sua sponte an in forma pauperis complaint that fails to state a claim); *Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners").

To avoid dismissal for failure to a state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. v.*

*Twombly*, 550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008). This tenet—that the court must accept as true all of the allegations contained in the complaint—"is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Rather, "[a] claim has facial plausibility when the plaintiff pleads sufficient content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Factual allegations that permit the court to infer only "the mere possibility of misconduct" do not show that the pleader is entitled to relief. *Id.* at 679.

A complaint must also meet Rule 8 of the Federal Rules of Civil Procedure's requirements that a complaint include a "short and plain statement of the claim," and that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). A district court may dismiss a complaint for failure to comply with Rule 8 where the complaint fails to provide the defendant fair notice of the wrongs allegedly committed. *See McHenry v. Renne*, 84 F.3d 1172, 1178–80 (9th Cir. 1996) (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery"). *Cf. Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d

1097, 1105 n.4 (9th Cir. 2008) (finding dismissal under Rule 8 was in error where "the complaint provide[d] fair notice of the wrongs allegedly committed by defendants and [did] not qualify as overly verbose, confusing, or rambling").

"The propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit." *McHenry*, 84 F.3d at 1179.  Rule 8 does, however, require more than "the-defendant-unlawfully-harmed-me accusation[s]" and "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (citations and internal quotation marks omitted).  "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (quotation and brackets marks omitted).

Moreover, because Plaintiff is appearing pro se, the Court liberally construes the Complaint.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiuam)) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants.").  The Court also recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas*

*v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (citations omitted); *see also Crowley v. Bannister*, 734 F.3d 967, 977–78 (9th Cir. 2013).

    B.    The Complaint

The Complaint does not include a short and plain statement of Plaintiff's claim(s), as required by Rule 8. In fact, the Complaint does not include any factual allegations or indicate the claims Plaintiff is asserting against the defendants. The Court finds that the Complaint fails to state a claim for relief. The Court thus recommends that the district court dismiss the Complaint.

    C.    Leave to File an Amended Complaint

The Court recommends that the district court grant Plaintiff leave to file an amended complaint to cure the deficiencies noted above. Any amended complaint must comply with Rule 8. If Plaintiff chooses to file an amended complaint, she must write short, plain statements telling the court: (1) the treaty, constitutional right, or statutory right Plaintiff believes was violated; (2) the specific basis for this court's jurisdiction; (3) the name of the defendant who violated that right; (4) exactly what that defendant did or failed to do; (5) how the action or inaction of that defendant is connected to the violation of Plaintiff's rights; and (6) what specific injury Plaintiff suffered because of that defendant's conduct. Plaintiff should repeat this process for each person or entity that she names as a defendant, by name or as a doe defendant.

Plaintiff should also list separate causes of action for alleged violations of her federal rights, as well as any pendant state law claims she wishes to assert. Each cause of action should be supported by factual allegations, and not merely legal conclusions or a recitation of the legal elements for that particular claim. If Plaintiff fails to affirmatively link the conduct of each named defendant with the specific injury she suffered, the allegation against that defendant will be dismissed for failure to state a claim.

If there is more than one plaintiff named in the amended complaint, each plaintiff must comply with the foregoing requirements.

II.   IFP Application

In light of the Court's finding that the Complaint is deficient, the Court recommends that the district court deny Plaintiff's IFP Application. The Court further recommends, however, that the district court grant Plaintiff leave to file another application if she chooses to file an amended complaint. In addition, the Court notes that if more than one plaintiff is named in the amended complaint, each must submit an IFP Application and demonstrate inability to pay the filing fee. *Gomes v. Hawaii*, CIVIL NO. 20-00494 JAO-KJM, 2020 WL 6880832, at **6 (D. Haw. Nov. 23, 2020) ("Where, as here, there are multiple plaintiffs in a single action, the plaintiffs may not proceed in forma pauperis unless all of them

demonstrate inability to pay the filing fee." (citation and internal quotation marks omitted)).

## CONCLUSION

Based on the foregoing, the Court FINDS AND RECOMMENDS that the district court DISMISS the Complaint with leave to file an amended complaint. Unless otherwise stated by the district court, the amended complaint must be filed within 30 days of the district court's entry of an order adopting this Findings and Recommendation.

In addition, the Court FINDS AND RECOMMENDS that the district court DENY the Application to Proceed in District Court Without Prepaying of Fees or Costs (ECF No. 2) with leave to file a new application if Plaintiff decides to file an amended complaint.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, April 26, 2024.



Kenneth J. Mansfield
United States Magistrate Judge

*Taylor-Yancy v. Sam's Club Inc., et al.*, Civil No. 24-00166 HG-KJM; Findings and Recommendation to: (1) Dismiss the Complaint with Leave to Amend; and (2) Deny Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs